# In the United States Court of Federal Claims

No. 20-1417C

(Filed under seal: April 28, 2022)

(Reissued: May 5, 2022)

|  |  |  |
|---|---|---|
| **VAS REALTY, LLC,** | ) | Post-award bid protest on remand from |
| | ) | Court of Appeals; merits conceded; |
| Plaintiff, | ) | factors governing equitable relief |
| | ) | |
| **v.** | ) | |
| | ) | |
| **UNITED STATES,** | ) | |
| | ) | |
| Defendant, | ) | |
| | ) | |
| **and** | ) | |
| | ) | |
| **CAPE MORAINE LLC,** | ) | |
| | ) | |
| Defendant-Intervenor. | ) | |
| | ) | |

Anuj Vohra, Crowell & Moring LLP, Washington, D.C. for plaintiff. Of counsel were Christian N. Curran, Monica R. Sterling, Alexandra L. Barbee-Garrett, and Elizabeth C. Riegel, Crowell & Moring LLP, Washington, D.C.

Meen Geu Oh, Senior Trial Counsel, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C. for the United States. With him on the briefs were Brian M. Boynton, Principal Deputy Assistant Attorney General, Civil Division, Patricia M. McCarthy, Director, and Douglas K. Mickle, Assistant Director, Commercial Litigation Branch, United States Department of Justice, Washington D.C. Of counsel was Nancy O'Connell, Regional Counsel, General Services Administration, Boston, Massachusetts.

Robert C. MacKichan, Jr., Holland & Knight LLP, Washington, D.C. for defendant-intervenor. Of counsel were Steven D. Gordon, Gordon Griffin, and Hillary J. Freund, Holland & Knight LLP, Washington, D.C.

## OPINION & ORDER[1]

LETTOW, Senior Judge.

This very unusual, virtually unique, post-award bid protest is before the court on remand from the Court of Appeals for the Federal Circuit. *See VAS Realty, LLC v. United States,* 26 F.4th 945 (Fed. Cir. 2022), *rev'g* No. 20-1417C, 2021 WL 1853382 (Fed. Cl. Apr. 29, 2021). At issue is whether the procuring agency may violate acquisition regulations in a lease procurement but avoid cancellation of the contract award if the leased property is almost ready for occupation. The court concludes that, despite conceded error by the agency in the procurement, the protestor, VAS Realty, LLC, is entitled to monetary relief, not an injunction, and thus the court grants its motion for judgment but only for bid preparation and proposal costs.

## BACKGROUND[2]

On September 18, 2017, the General Services Administration ("GSA" or "the agency") issued Request for Lease Proposals No. 7RI2043 on behalf of the Department of Homeland Security, Immigration and Customs Enforcement ("DHS-ICE"). AR 10-48, ECF Nos. 30, 33, and 35.[3] The facility was to house an office occupied by DHS-ICE, along with attendant correctional suites or holding cells.[4] The agency initially sought to lease a building with a maximum of 20,579 square feet of contiguous office space and 130 outside parking spaces for exclusive government use for 10 years full term, 7 years firm term. AR 10-48. The proposed office building was to be in Warwick, Johnston, Providence, Pawtucket, or Cranston, Rhode Island. AR 10-48. The request for proposals also required that the building be outside a 100-year floodplain. AR 10-52. The lease would "be awarded to the responsible [o]fferor whose offer conform[ed] to the requirements of this [request] and . . . [was] the lowest priced technically acceptable offer submitted." AR 10-60. At the time of submissions, offerors were

---

[1] Because of the protective order entered in this case, this opinion was initially filed under seal. The parties were requested to review the decision and provide proposed redactions of any confidential or proprietary information. No redactions were requested.

[2] The recitations that follow constitute findings of fact by the court from the administrative record of the procurement filed pursuant to Rule 52.1(a) of the Rules of the Court of Federal Claims ("RCFC"). *See Bannum, Inc. v. United States*, 404 F.3d 1346, 1356 (Fed. Cir. 2005) (specifying that bid protest proceedings "provide for trial on a paper record, allowing fact-finding by the trial court").

[3] The administrative record filed, and twice supplemented, with the court in accord with RCFC 52.1(a) is divided into tabs and is consecutively paginated. The record will be cited by tab and page, *e.g.*, "AR ___-___."

[4] The facilities currently leased by DHS-ICE from VAS Realty include "a jail and processing center for detainees, a sally port, [a] weapons arsenal, and barbed wire fencing around the parking area." Pl.'s Suppl. Mot. Ex. 1 ¶ 3 (Decl. of Doreen Scola (Mar. 21, 2022), ECF No. 88-1.

required to either own or control the proposed property or provide "a fully executed copy of the written agreement [to purchase the proposed property] with its offer, together with a statement from the current owner that the agreement is in full force and effect."  AR 10-57.

     Initial proposals were due on October 11, 2017, AR 5-27, and VAS Realty, the incumbent lessor of a facility occupied by the government, was one of three entities that responded by that date, AR 11-154.  One of these offerors withdrew, leaving VAS Realty and Raith Capital Investors, LLC.  AR 37-562.  On October 31, 2017, GSA responded to VAS Realty's initial proposal and identified several deficiencies, *viz.*, the proposed building appeared to be in a 100-year floodplain, the proposal exceeded the maximum square footage requested, and the proposed rates needed to be adjusted, among other issues.  AR 12-199 to 200.  VAS Realty provided updated documents resolving the floodplain issue on November 7, 2017.  AR 13-201 to 203.  On November 21, 2017, GSA requested final proposal revisions from VAS Realty and Raith Capital due on December 1, 2017.  AR 14-262 to 266; AR 37-562.  On the deadline date, GSA paused negotiations and issued a revised request for proposals.  AR 15-267 to 269.  This new request maintained the requirements for 20,579 square feet and 130 outside parking spaces, but it increased the full term of the lease to 15 years, 10 years firm term.  AR 15-268; *see also* AR 6-28.  New proposals were due March 9, 2018.  AR 6-28.

     On December 11, 2017, a GSA contracting officer, Mark Shinto, met with one of VAS Realty's employees, Doreen Scola, to tour protestor's facility, 1 International Way.  AR 40-1016; Compl. Ex. ¶ 3 (Decl. of Doreen Scola (Oct. 19, 2020)), ECF No. 1-1.  During this meeting, Mr. Shinto and Mrs. Scola discussed the facility's size, which exceeded the request for proposals' maximum square footage requirement.  *See* Scola Decl. ¶ 3.  VAS Realty characterized this excess space as "unmarketable" because the government's parking space requirement would leave no spaces for any other potential lessees to whom VAS Realty could market the remaining space.  *Id.*  According to VAS Realty, Mr. Shinto confirmed during the visit "that [protestor] could continue to include the unmarketable space in [its] proposal."  *Id.*

     Before the March 9, 2018, deadline, GSA sent a letter to VAS Realty asking it to resubmit its lease proposal by the deadline.  AR 16-270.  In that letter, GSA identified deficiencies that VAS Realty needed to cure in the upcoming proposal, but these did not include the excess "unmarketable" square footage.  AR 16-270 to 271.   VAS Realty submitted its revised proposal on March 9, 2018.  AR 17-272.  VAS Realty's submission proposed the entire building at 1 International Way, including the cost of the excess "unmarketable" square footage; however, it moved the excess square footage offered in the shell rent space to another column of the required forms to technically conform with the maximum square footage requirement.  AR 17-272 to 274.  On the same day, Raith Capital withdrew from the solicitation to pursue selling its proposed property, AR 37-562 to 563, leaving VAS Realty as the sole offeror.

     Cape Moraine's arrival in the lease procurement began with Raith Capital's exit.  On April 9, 2018, G3 Jefferson Blvd, LLC ("G3") won the right to purchase 443 Jefferson

Boulevard from Raith Capital at auction. AR 37-568.[5] In due course, Cape Moraine signed a letter of intent on April 17, 2018, to purchase 443 Jefferson Boulevard from G3. AR 37-568. On April 20, 2018, Cape Moraine responded to the request for proposals, proposing the facility at 443 Jefferson Boulevard with a letter of intent from G3 as proof of future ownership of the property. AR 18-338; *see also* AR 37-568 ("We have control of the property at 443 Jefferson [Boulevard] through an extended [letter of intent] with the seller . . . and [purchase and sale] agreement to follow early next week."). Cape Moraine went on to sign a purchase and sale agreement with G3 on May 7, 2018. AR 37-568. G3 received a special warranty deed for 443 Jefferson Boulevard from Raith Capital on May 11, 2018. AR 37-568. But, Cape Moraine would not take title to 443 Jefferson Boulevard until December 26, 2018. AR 37-568.

On July 9, 2018, GSA issued Amendment No. 3 to the request for proposals to lower the number of parking spaces reserved for government use to 34, with the remaining 94 spaces to be available but not included in the lease. AR 7-29. The same day, GSA issued discussion questions to VAS Realty indicating that protestor was outside the "competitive negotiation range" and citing deficiencies with VAS Realty's March 9, 2018, proposal. AR 20-359. On July 11, 2018, VAS Realty sent GSA an email asking the agency to cite its authority to reopen negotiations after the March 9, 2018, deadline. AR 42-1186. At this time, VAS Realty was unaware that Cape Moraine had been permitted to submit a late bid. *See* Pl.'s Opp'n to Def.'s and Def.-Int.'s Cross-Mots. at 10, ECF No. 46. GSA responded to VAS Realty's question on July 16, 2018. AR 42-1196. The deadline for final revised proposals was July 17, 2018, AR 20-360. VAS Realty ultimately filed a timely revised proposal by the July 17th deadline, AR 21-361, as did Cape Moraine, AR 22-417. Both offers were evaluated and deemed technically acceptable, but Cape Moraine's value per square foot was evaluated to be $40.34 compared to VAS Realty's $44.40. AR 24-498 to 504.

GSA notified Cape Moraine on August 21, 2018, that it was the apparent successful offeror on the request for lease proposals. AR 43-1238. On October 24, 2018, GSA and Cape Moraine entered into Lease No. LRI00279. AR 45-1504 to 1506. GSA notified VAS Realty on October 26, 2018, that it had not been successful and that its proposal was outside the "competitive negotiation range." AR 25-511. On October 29, 2018, VAS Realty requested a post-award debriefing. AR 26-513 to 514. None was timely provided. A month later, on November 26, 2018, VAS Realty filed a bid protest before the Government Accountability Office ("GAO"). AR 31-544 to 551. The following day, GSA provided a written debriefing to VAS Realty. AR 32-552 to 553.

Several salient events took place in the ensuing months, followed by a lengthy gap in any activity related to the present dispute. On December 21, 2018, an anonymous complainant submitted a letter to GSA's Office of the Inspector General ("OIG") outlining issues with the lease award to Cape Moraine. Def.'s Resp. to Pl.'s Suppl. Mot. and Suppl. Cross-Mot., Appx. at 12-14, ECF No. 90. This letter triggered an OIG investigation that would span over a year. In the meantime, on December 26, 2018, GAO dismissed VAS Realty's protest as untimely. *See In*

---

[5] That building allegedly is 60-years old and was vacant for 4 or 5 years before being sold at auction. *See* Def.-Int.'s Resp. to Pl.'s Suppl. Mot. and Suppl. Cross-Mot., Ex. 1.D at 1, ECF No. 91-1 (Anon. letter to GSA's Office of Inspector General).

*re VAS Realty, LLC*, B-417142 (Comp. Gen. Dec. 26, 2018) (unpublished decision).  VAS
Realty requested reconsideration of GAO's decision on January 1, 2019.  *See In re VAS Realty,
LLC-Reconsideration*, B-417142.2, 2019 CPD ¶ 147 (Comp. Gen. Apr. 12, 2019)*.  In February
2019, pending GAO's decision on reconsideration, GSA began collaborating with Cape Moraine
on design intent drawings for build-out at 443 Jefferson Boulevard.  *See* Def.-Int.'s Resp. to Pl.'s Suppl.
Mot. at 9, ECF No. 91.  GAO ultimately denied reconsideration on April 12, 2019.  *See
VAS Realty, LLC-Reconsideration*, B-417142.2, 2019 CPD ¶ 147.  By July 2019, GSA instructed
Cape Moraine to restart its design intent drawings for 443 Jefferson Boulevard.  *See* Def.-Int.'s
Resp. to Pl.'s Suppl. Mot. and Suppl. Cross-Mot. at 9.  On July 10, 2019, GSA amended the
existing lease with VAS Realty to extend its firm term to November 1, 2020, full term April 30,
2021.  *See* Compl. Ex. 17.  Months passed, and on January 23, 2020, VAS Realty submitted a
Freedom of Information Act request to the OIG to request several documents related to the
OIG's investigation of the Cape Moraine lease award.  Def.'s Resp. to Pl.'s Suppl. Mot. and
Suppl. Cross-Mot., Appx. at 21-24.  In February 2020, Cape Moraine began developing new
design and intent drawings with GSA.  *See* Def.-Int.'s Resp. to Pl.'s Suppl. Mot. and Suppl.
Cross-Mot. at 9.  On March 19, 2020, the OIG issued its report.  AR 37-561.

> The OIG report summarized its findings succinctly:
>
> We found that GSA's . . . procurement process for Lease Number LRI00279 was
> significantly flawed, resulting in an improper lease award.  [The agency]
> inappropriately accepted a late proposal, relied on a present value analysis that
> favored the winning offeror, and used inconsistent evaluation terms.  We also
> found that [the agency] awarded the lease to an offeror that did not control the
> property at the time of their lease proposal.  Finally, [the agency] failed to provide
> an adequate or timely post[-]award debriefing to the unsuccessful offeror.  Taken
> together, these deficiencies compromised the integrity of the lease procurement.
> [The agency's] regional management should determine whether the lease award
> should be reevaluated.

AR 37-561.  GSA responded to the OIG report on April 8, 2020, focusing entirely on the issue of
its present value analysis, with no mention of the other issues identified in the OIG's report.  AR
38-576 to 605.  VAS Realty represents that it did not learn of the OIG's report until April 22,
2020.  Compl. ¶ 64 & Ex. 1 (Decl. of Doreen Scola (Oct. 19, 2020), ¶ 4).

In the months that followed, VAS Realty communicated with GSA to determine what it
intended to do in response to the OIG report.  Compl., Ex. 1 (Scola Decl. ¶ 6).  On May 26,
2020, GSA informed VAS Realty that it had decided to go forward with the Cape Moraine lease
despite the report.  *Id.*  Around the same time, GSA accepted Cape Moraine's revised design
intent drawings for 443 Jefferson Boulevard.  *See* Def.-Int.'s Resp. to Pl.'s Suppl. Mot. and
Suppl. Cross-Mot. at 9.  On October 16, 2020, Cape Moraine submitted its final construction
documents to GSA.  *Id.*

VAS Realty filed the present bid protest on October 19, 2020.  *See* Compl.  Because
GSA had not yet issued a notice to Cape Moraine to proceed to begin work on 443 Jefferson
Boulevard, the government took the position that it would not issue the notice to proceed

pending the resolution of VAS Realty's protest. *See* Joint Status Report of October 30, 2020, ECF No. 25. Following a complete briefing at that stage of the case, the initially assigned judge granted the government's motion to dismiss on April 29, 2021, ruling that VAS Realty lacked standing. *See VAS Realty*, 2021 WL 1853382.

VAS Realty filed its notice of appeal to the Court of Appeals for the Federal Circuit on May 10, 2021. *See* ECF No. 61. The following day, VAS Realty moved the court to stay performance pending appeal. *See* ECF No. 66. On June 10, 2021, the then-assigned judge denied VAS Realty's motion to stay pending appeal. *See* ECF No. 74. VAS Realty then moved the Court of Appeals on June 16, 2021, to stay performance of the lease pending the appeal, *see* Appellant's Mot. for Emergency Stay Pending Appeal, *VAS Realty, LLC v. United States*, No. 21-1962 (Fed. Cir.), ECF No. 24 ("*VAS Realty Appeal*"), which the Court denied on July 28, 2021, *id.*, Order of July 28, 2021, ECF No. 51. Thereafter, GSA approved Cape Moraine's construction documents on July 14, 2021. *See* Def.-Int.'s Resp. to Pl.'s Suppl. Mot. and Suppl. Cross-Mot. at 10. The agency subsequently issued a notice to proceed to Cape Moraine on September 3, 2021. *See* Def.'s Resp. to Pl.'s Suppl. Mot. and Suppl. Cross-Mot. (Decl. of Richard Reynolds ¶ 13); Def.-Int.'s Resp. to Pl.'s Suppl. Mot. and Suppl. Cross-Mot., Ex. 2 (Decl. of Robert Clark ¶ 17), ECF No. 91-2. On September 10, 2021, VAS Realty renewed its motion to stay pending appeal. *See* Appellant's Second Mot. for Emergency Stay Pending Appeal, *VAS Realty Appeal*, ECF No. 68. That second motion for stay was denied at the time the Court of Appeals ruled on the merits of VAS Realty's appeal.

On February 18, 2022, the Court of Appeals reversed and remanded the then-assigned judge's decision dismissing VAS Realty's protest. *VAS Realty, LLC v. United States*, 26 F.4th 945 (Fed. Cir. 2022). In its decision, the Court of Appeals explained that

> the Court of Federal Claims erred in dismissing the case for lack of standing on the ground that VAS [Realty] failed to show it has a substantial chance of winning the award. If VAS [Realty's] protest proves successful, then, to the extent [its] own proposal was not technically acceptable, GSA would be resigned to rebidding the lease and thus providing VAS [Realty] a new opportunity to bid. Under *Garufi* and *Tinton Falls*, VAS [Realty] satisfies the substantial chance requirement.

*Id.* at 950 (citing *Impresa Construzioni Geom. Domenico Garufi v. United States*, 238 F.3d 1324 (Fed. Cir. 2001), and *Tinton Falls Lodging Realty, LLC v. United States*, 800 F.3d 1353 (Fed. Cir. 2015)). The Court of Appeals also addressed a laches argument made by the government, explaining that the government conceded that it had failed to show prejudice from VAS Realty's delay in filing its complaint, and "the laches defense is not available." *Id.* at 950 n.3.

On remand, the case was reassigned to the currently presiding judge, and VAS Realty moved the court for a temporary restraining order and injunction, Pl.'s Mot. for TRO and Prelim. Inj., ECF No. 82, and followed with a supplemental motion for judgment on the administrative record ("Pl.'s Suppl. Mot."), ECF No. 88. The defendants have responded, *see* Def.'s Resp. to Pl.'s Suppl. Mot. and Suppl. Cross-Mot., Def.-Int.'s Resp. to Pl.'s Suppl. Mot. and Suppl. Cross-

Mot., and briefing has been completed, *see* Pl.'s Reply, ECF No. 92; Def.-Int.'s Reply, ECF No. 93; Def.'s Reply, ECF No. 94.  A hearing was held on April 20, 2022.

## ANALYSIS

### A. Merits

The decision to grant or deny VAS Realty's bid protest and request for injunction depends upon whether it has demonstrated success on the merits and irreparable harm.  *See Sciele Pharma Inc. v. Lupin Ltd.*, 684 F.3d 1253, 1259 (Fed. Cir. 2012).  Protestor raises three grounds to argue that the government's award to Cape Moraine was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law."  5 U.S.C. § 706(2)(A).  Namely, VAS Realty contends that Cape Moraine's proposal was late, that GSA's present value analysis incorrectly deemed Cape Moraine the lowest-priced offeror, and that Cape Moraine's proposal lacked satisfactory documentation of ownership or control of 443 Jefferson Boulevard at the time of its initial submission.  *See* Pl.'s Mot. for J. on the Admin. Rec. at 17-35, ECF No. 40.  Defendants concede VAS Realty's success on the merits.  *See* Def.'s Reply at 4-5 (doubting whether VAS Realty can prevail merely "because it has identified a procurement violation" and arguing that "much of the harm VAS [Realty] claims it will suffer is attributable to its own delay"); Def.-Int.'s Reply at 4 ("Although VAS [Realty] succeeds on the merits, the procurement was not 'deeply flawed.'"); *id.* at 5 ("The harm that VAS [Realty] faces is irreparable but not compelling."); *see also* Hr'g Tr. 23:3-4 (Apr. 20, 2022) (Government counsel: "[A]t this point we do concede that Cape Moraine's proposal was untimely.").[6]  The court therefore proceeds to the question of what relief is warranted.

### B. Relief

The parties' arguments on remand have focused almost exclusively on the scope of relief to which VAS Realty is entitled given its success on the merits.  *See* Hr'g Tr. 24:3-4 (Government counsel: "[T]he more central question we think in this case . . . is the question of relief.").  VAS Realty asks for an injunction, preventing DHS-ICE from moving into 443 Jefferson Boulevard and either awarding the lease to protestor or resoliciting the lease.  Pl.'s Suppl. Mot. at 5.  The government and Cape Moraine insist that such relief, at this stage of the procurement, would result in inequities to defendants and the public.  *See generally* Def.'s Resp. to Pl.'s Suppl. Mot. and Suppl. Cross-Mot.; Def.-Int.'s Resp. to Pl.'s Suppl. Mot. and Suppl. Cross-Mot.  Instead, they argue that VAS Realty's relief should be limited to the statutory remedy of bid preparation and proposal costs.  *See* Def.'s Resp. to Pl.'s Suppl. Mot. and Suppl. Cross-Mot. at 21; Def.-Int.'s Resp. to Pl.'s Suppl. Mot. and Suppl. Cross-Mot. at 20 n.10.

#### 1. Injunctive relief.

To receive injunctive relief, VAS Realty must demonstrate that the balance of harms and public interest justify an injunction at this late phase of contract performance.  *See Sciele*

---

[6] The date will be omitted from further citations to the transcript of the hearing held on April 20, 2022.

*Pharma*, 684 F.3d at 1259.  An injunction is "an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (emphasis omitted).  "A balance must be struck between the harm to plaintiff and that to the United States" and Cape Moraine.  *Furniture by Thurston v. United States*, 103 Fed. Cl. 505, 520 (2012).

Precedents indicate that performance of a challenged procurement award is relevant to equitable relief.  In *Geo-Seis Helicopters, Inc. v. United States*, "[t]he hardship that would befall [the protestor] in the absence of injunctive relief [was] evident—it would lose the opportunity to perform the contract that the [the government] erroneously awarded to [the awardee]." 77 Fed. Cl. 633, 647 (2007).  On the other hand, the government and awardee in *Geo-Seis* were exposed to even greater harm in the event of an injunction because two of the three planned phases of the contract were already being performed—providing helicopters for the U.S. Navy's Military Sealift Command—and enjoining performance would have delayed the government's mission for the procurement and deprived the awardee of its return-on-investment. *Id.* at 647-649. Similarly, in *Thurston*, the disappointed competitor demonstrated lost opportunity to compete in a fair procurement, while "[t]he harm to the government [had] two dimensions.  An injunction [would] delay the use by the Marine Corps of a new barracks and might require the Corps to expend many hundreds of thousands of dollars for redundant furniture." 103 Fed. Cl. at 520. Here, the delay to DHS-ICE's occupation of 443 Jefferson Boulevard in the event of an injunction would not have the same national-security implications as the Marine Corps barracks in *Thurston* or the naval helicopters in *Geo-Seis*, but both delay and redundant cost are present in this case and weigh against an injunction.

VAS Realty had the opportunity to bring its protest at the time that it learned of Cape Moraine's late proposal and other issues in GSA's lease procurement.  It filed its bid protest before GAO, but it failed to press its claim after having that protest dismissed.  Instead, it chose to wait for the OIG's report and pursue other avenues of relief for more than a year, seeing whether it could arrive at a resolution through talks with GSA.  In the meanwhile, GSA's contract with Cape Moraine proceeded to planning and design, build-out, and purchasing furniture.  Since the remand from the Court of Appeals, performance has proceeded to the point that the government has issued the certificate of occupancy, demonstrating the imminency of DHS-ICE's occupation of 443 Jefferson Boulevard.  Hr'g Tr. 46:19-22 (The Court: "I take it a certificate of occupancy has been issued to Cape Moraine.  Is that correct?"  [Government counsel]: "That's correct.  It was issued on April 13th.").  To cancel the Cape Moraine lease contract now would prevent DHS-ICE from moving into a building that is undergoing final inspections and is ready for occupation.  It would also result in wasted costs in procuring furniture unique to 443 Jefferson Boulevard and potentially having to pay for preparations at both 443 Jefferson Boulevard—via the government's contract liability to Cape Moraine—and whoever would win the resolicited lease procurement.  VAS Realty had its chance to bring its bid protest to this court after its protest was dismissed by GAO and instead chose informal channels of pursuing relief.  *Cf. Nat'l Telecommuting Inst., Inc. v. United States*, 123 Fed. Cl. 595, 603 (2015) (discussing the equitable defense of laches and holding that, "in choosing to rely on [informal channels], rather than timely filing a bid protest, [protestor] 'simply chose to put all its eggs in one basket—ultimately to its detriment'" (quoting *Reilly v. United States*, 104 Fed. Cl. 69, 80 (2012))); *but see SCA Hygiene Prods. Aktiebolag v. First Quality Baby Prods., LLC*, ___

U.S. ___, 137 S. Ct. 954 (2017) (holding that equitable doctrine of laches could not bar infringement action within statute of limitations period).

The court's explanation in *Thurston* is relevant here:

Although Thurston [had] prevailed on the merits and [would] lose its ability to compete for the contract on a fair basis, an injunction at this late stage of the procurement would exact too great a harm on the government and would not serve the public interest.  Self-restraint is advisable in all bid protests, but it is all the more compelling here, where the awardee has already performed the bulk of the contract.

103 Fed. Cl. at 522.  Likewise, the court holds that the lease contract with Cape Moraine has progressed too far for the harm to the procurement process and VAS Realty to outweigh the harm to the government and Cape Moraine and for an injunction to serve the public interest.

*2. Bid preparation and proposal costs.*

"A losing competitor may recover the costs of preparing its unsuccessful proposal if it can establish that the [g]overnment's consideration of the proposal submitted was arbitrary or capricious or in violation of applicable statute or regulation."  *Geo-Seis*, 77 Fed. Cl. at 650 (brackets omitted) (quoting *Gentex Corp. v. United States*, 58 Fed. Cl. 634, 656 (2003)); *see also* 28 U.S.C. § 1491(b)(2) (permitting the court to award "bid preparation and proposal costs"). VAS Realty has established, as defendants have conceded, that Cape Moraine's lease proposal was late and otherwise flawed; thus, the lease award to Cape Moraine was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law."  5 U.S.C. § 706(2)(A).  The court therefore awards reasonable bid preparation and proposal costs to VAS Realty. Additionally, the court awards VAS Realty its costs of suit in this court only.

**CONCLUSION**

Having prevailed on the merits, VAS Realty has proven that it was denied the opportunity to compete in a fair procurement.  Nonetheless, the government and Cape Moraine have proceeded to perform the lease contract to the point that DHS-ICE is ready to occupy the building within weeks.  Defendants' harm from delaying DHS-ICE's relocation and from redundant costs outweighs the lost-opportunity harm to VAS Realty.  The court therefore GRANTS in part and DENIES in part VAS Realty's motion for judgment on the administrative record, DENIES its motion for a temporary restraining order and an injunction, and GRANTS in part and DENIES in part defendants' cross-motions for judgment on the administrative record. The court awards VAS Realty reasonable costs of bid preparation and proposal costs incurred with its offer.[7]

---

[7] The court requests that VAS Realty submit a record of costs on or before May 12, 2022. Defendants shall respond to VAS Realty's submission by May 23, 2022.

When the court in due course enters its order for judgment, the court will also award VAS Realty its costs of suit in this court.

It is so **ORDERED**.

s/ Charles F. Lettow
Charles F. Lettow
Senior Judge